COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Antonio Garcia v. The State of Texas

Appellate case number:    01-19-00082-CR

Trial court case number:   1550442

Trial court:                        179th District Court of Harris County

The complete record was filed in this appeal on March 13, 2019. The appellant filed a motion to substitute counsel on April 10, 2019, which this court granted the following day. Since then the appellant has filed three motions to extend the time to file his brief, each of which this court granted. The appellant's brief was due on July 11, 2019, but the appellant did not file a brief. On July 19, 2019, the clerk of this court notified the appellant's counsel, Norman J. Silverman, that a brief had not been timely filed and that if this court did not receive his brief within ten days of that notice, it might direct the trial court to conduct a hearing in accordance with Rule 38.8(b) of the Texas Rules of Appellate Procedure. The appellant's counsel failed to respond and has not filed a brief on the appellant's behalf.

This court therefore abates the appeal and remands the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and the appellant's counsel, Norman J. Silverman, shall be present. At the trial court's discretion, the appellant may be present for the hearing in person or, if incarcerated, he may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) determine whether the appellant still wishes to pursue this appeal;

2) if the appellant wishes to pursue this appeal, determine whether good cause exists to relieve Norman J. Silverman of his duties as the appellant's counsel;

    a. if good cause exists to remove counsel, the trial court shall enter a written order relieving Norman J. Silverman of his duties as the appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel, at no expense to the appellant;

b.  if good cause does not exist to remove counsel, the trial court shall provide a final deadline by which Norman J. Silverman must file the appellant's brief, which shall be no more than 30 days from the date of the hearing;

3)  enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

4)  make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The court coordinator of the trial court shall set a hearing date no later than 30 days from the date of this order and notify the parties and the clerk of this court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this court within 30 days of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this court.

It is so ORDERED.

Judge's signature: /s/ Gordon Goodman
                            Acting individually

Date: February 11, 2020